UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **LAKISHA MITCHELL,** | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) |
| **SAVANNAH AIRPORT COMMISSION AND JOHN RAUBAUCK,** | ) Case No. 4:17-cv-00188-WTM-GRS ) ) ) |
| Defendants. | ) ) ) ) |

### MOTION FOR A MORE DEFINITE STATEMENT
### AND MEMORANDUM IN SUPPORT

Now comes Savannah Airport Commission ("SAC") and, pursuant to Federal Rule of Civil Procedure 12(e), files its Motion for a More Definite Statement with regard to "Count Two" of Lakisha Mitchell's ("Mitchell") Complaint.

Mitchell's Complaint purports to allege four causes of action. (*See* Complaint, Doc. # 1 at 6-7). In Count Two, however, Mitchell has not specified the statute or cause of action under which she seeks relief. Count Two reads simply:

**Count Two**

(Gender Discrimination in Violation of)
25. The foregoing paragraphs are realleged and incorporated by reference herein.
26. The Defendant's conduct as alleged above constitutes discrimination based on Gender discrimination in violation of. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

(Complaint, Doc. #1 at 6-7.). Whereas no statute or cause of action has been specifically named, SAC is left to "basically *guess* what legal recovery theory [Mitchell] advance[s]." *Dixon v. Pride Integrated Servs., Inc.*, Case No. CV414-151, slip op. at 2 (S.D. Ga. Sept. 3, 2014) (Smith, J.).

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Court "determine[s] whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading." *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1127 n.4 (11th Cir. 2014) (quoting *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959)).

A complaint may not "confound adversaries with unintelligibility." *Dixon*, Case No. CV414-151, slip op. at 4 (citing *Ultimate Timing, L.L.C. v. Simms*, 2009 WL 1835943 at *1 (W.D. Wash. June 26, 2009)). Rather, the complaint must "give the defendant fair notice of *what the claim is* and the grounds upon which it rests." *Id.* at 6 (quoting *Erickson v. Pardus*, 551 U.S. 89 (2007)). Here, Mitchell has not put the Defendants on notice of "what the claim is" with Count Two of her Complaint. Therefore, SAC respectfully requests that the Court enter an order requiring Mitchell, pursuant to Rule 12(e)[1], to amend her Complaint to "expressly reveal what legal theory [she] advance[s]" in Count Two. *Id.* at 7.

---

[1] SAC recognizes that "the court may act under Rule 12(b)(6) or Rule 12(e), whichever is appropriate, without regard to how the motion is denominated." *Dixon*, Case No. CV414-151, slip op. at 6-7 n.4 (quoting 5C WRIGHT & MILLER, FED.

        Respectfully submitted,

        HUNTER, MACLEAN, EXLEY & DUNN, P.C.

        s/*Wade W. Herring, II*
        Wade W. Herring, II
        Georgia Bar No. 349343

        s/*Kathryn W. Bailey*
200 East Saint Julian Street    Kathryn W. Bailey
Post Office Box 9848    Georgia Bar No. 343774
Savannah, GA 31412
Telephone:  (912) 236-0261
Facsimile:  (912) 236-4936
wherring@huntermaclean.com
kbailey@huntermaclean.com

        Attorneys for Savannah Airport Commission

---

PRAC. PROC. § 1376 (3d ed. Apr. 2014)).  Of course, SAC defers to the Court's judgment as to which Rule applies in this instance.

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **MOTION FOR A MORE DEFINITE STATEMENT AND MEMORANDUM IN SUPPORT** upon Plaintiff Lakisha Mitchell by using the CM/ECF system which will send a notice of electronic filing to:

    L. Nicole Brantley
    420 Seabreeze Drive
    Rincon, GA 31326

I further certify that I have this day served a copy of the within and foregoing **MOTION FOR A MORE DEFINITE STATEMENT AND MEMORANDUM IN SUPPORT** upon Defendant John Rauback by depositing a true copy of same in the U.S. Mail, proper postage prepaid, properly addressed to the following:

    Roy E. Paul
    Bart, Meyer & Company LLP
    500 Stephenson Avenue
    Savannah, GA 31405

This 27th day of November, 2017.

                        HUNTER, MACLEAN, EXLEY & DUNN, P.C.

                        s/*Kathryn W. Bailey*
                        Kathryn W. Bailey
200 East Saint Julian Street   Georgia Bar No. 343774
Post Office Box 9848
Savannah, GA 31412
Telephone:  (912) 236-0261
Facsimile:  (912) 236-4936
kbailey@huntermaclean.com

                        Attorneys for Savannah Airport Commission