UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **LAKISHA MITCHELL,** | ) |
| Plaintiff, | ) |
| vs. | ) |
| **SAVANNAH AIRPORT COMMISSION AND JOHN RAUBAUCK,** | ) Case No. 4:17-cv-00188-WTM-GRS |
| Defendants. | ) |

## ANSWER OF SAVANNAH AIRPORT COMMISSION

Now comes Savannah Airport Commission ("SAC") and files its Answer to the Complaint filed by Lakisha Mitchell ("Mitchell").

### FIRST DEFENSE

SAC responds to the numbered paragraphs of the Complaint:

### Introduction

1. SAC admits that Mitchell has filed a lawsuit in which she alleges discrimination. Upon information and belief, SAC denies that John Rauback ("Rauback") called Mitchell a "troublemaker." Mitchell has never shown signs of depression in the workplace or put SAC on notice of "major depression." To the extent inconsistent with the foregoing, SAC denies any remaining allegations of paragraph 1 of the Complaint. SAC specifically denies that it has discriminated against Mitchell because of her race or gender.

2. SAC admits that jurisdiction is proper in this Court under Title VII, but SAC denies that it committed any unlawful employment practices by act or omission.

## Venue

3. SAC admits that venue is proper in the United States District Court for the Southern District of Georgia, Savannah Division, but SAC denies that it committed any unlawful employment practices by act or omission.

## Parties

4. SAC admits that Mitchell is an African-American female, a citizen of the United States, and a resident of Georgia. Further answering, Mitchell has been employed with SAC since October 1, 2007, starting as a customer service representative and then becoming a warehouse specialist/runner in the Purchasing Department on or about June 25, 2008. Mitchell was promoted to the position of Buyer I on or about October 14, 2009. To the extent inconsistent with the foregoing, SAC denies the allegations of paragraph 4 of the Complaint.

5. SAC admits the allegations of paragraph 5 of the Complaint.

6. SAC admits that Rauback is purportedly being sued in his official capacity and that he is currently on unpaid administrative leave from his job as Assistant Executive Director at SAC. To the extent inconsistent with the foregoing, SAC denies the allegations of paragraph 6 of the Complaint.

**Statement of Facts**

7. SAC admits that Mitchell is a black female who has been employed with SAC since October 1, 2007. SAC denies that it committed any violations of law. To the extent inconsistent with the foregoing, SAC denies the allegations of paragraph 7 of the Complaint.

8. SAC admits that Mitchell was never hired as or promoted to Purchasing Agent Supervisor. SAC denies that Mitchell was ever assigned responsibilities equivalent to Purchasing Agent Supervisor. SAC denies any remaining allegations of paragraph 8 of the Complaint.

9. SAC admits that Rauback is a white male who is the Assistant Executive Director of SAC. SAC denies that Rauback was ever Mitchell's first level supervisor, although Rauback performed a few functions of her first level supervisor during the brief periods of time when that position was vacant.

10. SAC admits that Greg Kelly ("Kelly") made comments to the effect that SAC should hire more African-Americans and that Kim Arnsdorff heard Kelly make those comments. SAC admits that Arnsdorff recalls hearing Rauback say words to the effect that Mitchell was stirring up trouble after she had filed her EEOC charge. SAC denies the remaining allegations of paragraph 10 of the Complaint.

11. SAC admits that Arquelio Gillespie is a black male who was previously employed as the Purchasing Supervisor until his resignation on or about September 11, 2009. SAC further admits that Mitchell was not considered or

interviewed for the position, and that Roger Hamilton ("Hamilton") was hired. Answering further, Mitchell had been in the Purchasing Department for about fifteen (15) months as of September 2009, was employed as a warehouse specialist/runner in September 2009, did not apply for the supervisor position, and was not qualified for the supervisor position. SAC denies that Hamilton was hired from another department for the position; he was already a buyer within the department. SAC admits that the position was not externally advertised. Any remaining allegations of paragraph 11 of the Complaint are denied.

12. SAC admits that Hamilton, a white male, was hired for the supervisor position. SAC admits that Mitchell became aware of Hamilton's hiring when he became her supervisor. SAC denies the remaining allegations of paragraph 12 of the Complaint.

13. SAC admits that Hamilton became sick and resigned from the supervisor position in 2013, and that Mitchell was not considered for the supervisor position after Hamilton's resignation. SAC denies the remaining allegations of paragraph 13 of the Complaint.

14. SAC admits that Benjamin Long ("Long") is a white male who was hired for the supervisor position, that he was previously in the Accounting Department, and that Rauback selected Long for the supervisor position. Further answering, Rauback asked Long to fill in as Purchasing Agent Supervisor when Hamilton went on leave, which at the time was expected to

be temporary, and Long agreed to Rauback's request. SAC admits that Arnsdorff recalls Long saying that he had not applied for the position and that if he made any mistakes, to let him know; further answering, Arnsdorff concluded that Long did a good job. SAC denies the remaining allegations of paragraph 14 of the Complaint.

15a. SAC admits that Long resigned, first informing SAC in March 2015 of his intention to leave, and officially resigning on or about June 2, 2015, after Fred McCosby ("McCosby") had been given the responsibility of overseeing the Purchasing Department on or about April 22, 2015. Further answering, the job description of Purchasing Agent Supervisor was revised effective January 1, 2015 to require a bachelor's degree. SAC admits that former HR manager Vicki Dunn ("Dunn"), who had worked at SAC for 15 years, told Mitchell that the position had not previously required a college degree. SAC otherwise denies the allegations of paragraph 15a[1] of the Complaint.

15b. SAC admits that Mitchell was not interviewed or considered for the supervisor position after Long's resignation. As a standalone position the Purchasing Supervisor position remains vacant, and there are no plans to fill it. SAC denies the remaining allegations of paragraph 15b of the Complaint.

16. SAC admits that that McCosby is a white male. After Long's notice of his intention to resign, Rauback reorganized the management structure to give McCosby, who had previous experience in buying and purchasing, the

---

[1] Because two paragraphs are numbered 15 in the Complaint, SAC's Answer will designate the first paragraph 15 as "15a" and the second as "15b."

additional responsibility of overseeing the Purchasing Department, while remaining in charge of security at the airport. McCosby works in a different part of the airport than where the Purchasing Department is located but frequently visits the department and performs all supervisor functions. To the extent inconsistent with the foregoing, SAC denies the allegations of paragraph 16 of the Complaint.

17a. SAC lacks sufficient knowledge or information to form a belief as to what Dunn indicated. SAC denies the remaining allegations of paragraph 17a of the Complaint.

17b. SAC admits that Mitchell filed an EEOC charge alleging race and sex discrimination on April 30, 2015. Upon information and belief, SAC denies the remaining allegations of paragraph 17b of the Complaint.

18. SAC admits that some individuals at SAC rely on Mitchell to perform the duties of her position as a buyer. SAC denies the remaining allegations of paragraph 18 of the Complaint.

19. SAC denies the allegations of paragraph 19 of the Complaint.

## Count One

23. SAC incorporates by reference its answers to paragraphs 1 through 19 of the Complaint as if fully set forth herein.

24. SAC denies the allegations of paragraph 24 of the Complaint.

## Count Two

25. SAC incorporates by reference its answers to paragraphs 1 through 24 of the Complaint as if fully set forth herein.

26. The allegations of paragraph 26 of the Complaint are so vague and ambiguous that SAC cannot reasonably prepare a response, as more fully set forth in SAC's previously filed Motion for a More Definite Statement and Memorandum in Support. To the extent a response is required, SAC denies the allegations of paragraph 26 of the Complaint.

## Count Three

27. SAC incorporates by reference its answers to paragraphs 1 through 26 of the Complaint as if fully set forth herein.

28. SAC denies the allegations of paragraph 28 of the Complaint.

## Count Four

34. SAC incorporates by reference its answers to paragraphs 1 through 28 of the Complaint as if fully set forth herein.

35. SAC denies the allegations of paragraph 35 of the Complaint.

36. SAC denies any allegation of the Complaint not specifically admitted.

37. SAC denies that Mitchell is entitled to any relief of any kind whatsoever.

## SECOND DEFENSE

The Complaint should be dismissed to the extent that it fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The Complaint should be dismissed to the extent that it is time-barred under the applicable statutes of limitation or by laches.

## FOURTH DEFENSE

The Complaint should be dismissed to the extent that Mitchell failed to comply with her duty to mitigate or reasonably attempt to mitigate any alleged damages, her entitlement to which is expressly denied.

## FIFTH DEFENSE

The Complaint should be dismissed to the extent that Mitchell seeks equitable remedies, but comes to the Court with unclean hands and is otherwise barred by concepts of fairness and equity. Moreover, Mitchell is not entitled to a jury trial on her claims for equitable remedies.

## SIXTH DEFENSE

The Complaint should be dismissed because SAC at all times acted reasonably and in good faith.

## SEVENTH DEFENSE

The Complaint should be dismissed to the extent that it is not pleaded with the requisite particularity, relying upon legal conclusions, not factual assertions.

## EIGHTH DEFENSE

The Complaint should be dismissed because it is not well grounded in fact nor warranted by law.

## NINTH DEFENSE

The Complaint should be dismissed because SAC takes reasonable care to prevent and correct promptly any discriminatory behavior, and Mitchell unreasonably failed to take advantage of any preventive or corrective opportunities provided by SAC to avoid harm.

## TENTH DEFENSE

To the extent that Mitchell demands punitive damages, such demand should be dismissed because SAC did not commit any act or omit to perform any act with malice or reckless indifference to Mitchell's rights.

## ELEVENTH DEFENSE

To the extent that Mitchell demands punitive damages, such demand should be dismissed because punitive damages are not allowed in Title VII claims against government entities.

## TWELFTH DEFENSE

The Complaint should be dismissed because no causal relationship exists between the alleged acts of SAC and the alleged damages to Mitchell.

## THIRTEENTH DEFENSE

The unlawful actions of any SAC employees as alleged by Mitchell are denied. Further answering, any such unlawful actions as alleged were not within the class of acts that SAC authorized its employees to perform, were not performed in the course of SAC's business, were not performed for the purpose of promoting SAC's business, and were not performed with knowledge of SAC.

**FOURTEENTH DEFENSE**

To the extent that Mitchell demands punitive damages, such demand should be dismissed because, as asserted in the Complaint, the demand for punitive damages is unconstitutional.

**FIFTEENTH DEFENSE**

The Complaint should be dismissed to the extent that Mitchell seeks to infringe upon the free speech rights of employees of SAC as guaranteed by the Constitution.

**SIXTEENTH DEFENSE**

The Complaint should be dismissed to the extent that Mitchell seeks damages the exclusive remedy for which lies under Georgia's Workers' Compensation statutory scheme.

**SEVENTEENTH DEFENSE**

Mitchell's claims should be dismissed in whole or in part, or damages limited, because the SAC would have made the same decision regardless of any motivating factor alleged by Mitchell.

**EIGHTEENTH DEFENSE**

Mitchell's claims should be dismissed in whole or in part because SAC at all relevant times complied with applicable law, acted reasonably and in good faith, and for legitimate, non-discriminatory reasons, and had reasonable grounds for believing that any alleged act or omission was not a violation of applicable law.

**NINETEENTH DEFENSE**

Mitchell's claims should be dismissed in whole or in part because at all times relevant, Mitchell was an employee at-will.

**TWENTIETH DEFENSE**

To the extent Mitchell alleges claims not brought under Title VII, such claims should be dismissed because SAC is entitled to sovereign immunity.

**TWENTY-FIRST DEFENSE**

To the extent Mitchell alleges claims not brought under Title VII, such claims should be dismissed because they are barred by the Eleventh Amendment to the United States Constitution.

**TWENTY-SECOND DEFENSE**

The Complaint should be dismissed to the extent that any claim that has not been timely submitted to, or considered by, the EEOC is barred.

**TWENTY-THIRD DEFENSE**

The Complaint should be dismissed because any acts by SAC's employees directed toward Mitchell were not unwelcome, pervasive, or likely to impact adversely the reasonable person's work environment.

WHEREFORE, having fully answered Mitchell's Complaint, SAC prays:

(a)  That the Court dismiss Mitchell's Complaint with prejudice and enter judgment in favor of SAC and against Mitchell;

(b)  That all costs, including attorneys' fees and expenses, be borne by Mitchell; and

(c)     For such other relief at law or in equity as the Court deems just and proper.

                Respectfully submitted,

                HUNTER, MACLEAN, EXLEY & DUNN, P.C.

                s/*Wade W. Herring, II*
                Wade W. Herring, II
                Georgia Bar No. 349343

                s/*Kathryn W. Bailey*
                Kathryn W. Bailey
                Georgia Bar No. 343774

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:   (912) 236-0261
Facsimile:    (912) 236-4936
wherring@huntermaclean.com
kbailey@huntermaclean.com

                Attorneys for Savannah Airport Commission

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| **LAKISHA MITCHELL,**<br><br>    Plaintiff,<br><br>vs.<br><br>**SAVANNAH AIRPORT COMMISSION AND JOHN RAUBAUCK,**<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 4:17-cv-00188-WTM-GRS<br>)<br>)<br>)<br>)<br>)<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the foregoing **ANSWER OF SAVANNAH AIRPORT COMMISSION** upon all parties to this matter by using the CM/ECF system which will send a notice of electronic filing to:

L. Nicole Brantley
420 Seabreeze Drive
Rincon, GA 31326

Roy E. Paul
Bart, Meyer & Company LLP
500 Stephenson Avenue
Savannah, GA 31405

This 27th day of November, 2017.

HUNTER, MACLEAN, EXLEY & DUNN, P.C.

200 East Saint Julian Street
Post Office Box 9848
Savannah, GA 31412
Telephone:  (912) 236-0261
Facsimile:  (912) 236-4936
kbailey@huntermaclean.com

s/*Kathryn W. Bailey*
Kathryn W. Bailey
Georgia Bar No. 343774

Attorneys for Savannah Airport Commission