# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| LAKISHA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-188 |
| | ) | |
| SAVANNAH AIRPORT COMMISSION, *et al*. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Defendant Savannah Airport Commission moves for a more definite statement of the second claim in plaintiff's Complaint. *See* doc. 7 at 1. Plaintiff has not opposed that motion, and she has filed two amended complaints. *See* docs. 14 & 15. The Commission moves to strike the second-filed amendment on the ground that only one amendment is allowed as a matter of course. *See* doc. 16 at 1 (citing Fed. R. Civ. P. 15(a)(1)). As the Second Amended Complaint does not substantially alter the allegations of the First Amended Complaint, the Court will construe its filing as an implicit request for leave.[1] Further, since both

---

[1] Although the Court does not minimize the importance of following proper procedure, nor disagree with the Commission that plaintiff has failed to do so here, the

amendments rectify the Commission's objection to the original Complaint, its request for a more definite statement is moot.

Although amendments beyond the first require consent or the Court's leave, the Rules instruct the Court to grant leave "freely." Fed. R. Civ. P. 15(a)(2). "'Unless a substantial reason exists to deny leave to amend, the discretion of the District Court is not broad enough to permit denial.'" *Florida Evergreen Foliage v. E.U. DuPont De Nemours & Co.*, 470 F.3d 1036, 1041 (11th Cir. 2006) (quoting *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989)). Here, the second-filed amendment is virtually identical to the first filed amendment. The only substantive differences (as opposed to merely typographical differences in the margins or font) between the two versions are the title (the first-filed is captioned "Plaintiff's First Amended Complaint," doc. 14 at 1, whereas the second-filed is captioned simply "Complaint," doc. 15 at 1); the specification of the retroactive promotion that plaintiff seeks (the first-filed amendment requests a retroactive promotion "to the position,"

---

Federal Rules counsel that procedure be observed "to secure the just, *speedy*, and *inexpensive* determination of every action and proceeding." Fed. R. Civ. P. 1 (emphasis added). As explained below, the Court sees no reason to wait for plaintiff to respond to defendant's Motion to Strike and subject the proceedings to the delay and expense that such a response would incur. Nevertheless, the Court expects that members of its Bar will follow *all* requirements of the Federal Rules and its Local Rules. Further indulgence of counsel's failure to do so should not be expected.

doc. 14 at 7, whereas the second-filed amendment seeks a retroactive promotion "to the GS-15 level," doc. 15 at 7); the change of counsel's last name from "Brantley" to "Hamilton" and the insertion of her typed "signature." *Compare* doc. 14 at 8, *with* doc. 15 at 8. Those changes do not amount to a "substantial reason" to deny plaintiff leave to amend, and the Commission has identified none. *See* doc. 16 at 2-3. Accordingly, the Court **GRANTS** plaintiff leave to amend her Complaint a second time. The second amended Complaint (doc. 15) shall be the operative version of plaintiff's Complaint. *See, e.g., Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1345 n. 1 (11th Cir. 1999) ("An amended complaint supersedes an original complaint"); *Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. & Canada*, 674 F.2d 1365, 1370 n. 6 (11th Cir. 1982) ("As a general rule, an amended complaint supersedes and replaces the original complaint unless the amendment specifically refers to or adopts the earlier pleading.").

Plaintiff's amendment supplies the information that the Commission contends was missing from her original Complaint. The Commission sought a more definite statement of plaintiff's second claim because it failed to specify a statute or cause of action. Doc. 7 at 2.

Although its language is still ambiguous, plaintiff's amended complaint clarifies her allegation that the discriminatory conduct violated "Title VII of the Civil Rights Act of 1964, 42 U[.]S[.]C[.] 2000e[,] et seq." Doc. 15 at 6. Since plaintiff has supplied the requested information, the Commission's request for a more definite statement is **DENIED as moot**. Doc. 7.

**SO ORDERED**, this  14th  day of December, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA