# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| LAKISHA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV417-188 |
| | ) | |
| SAVANNAH AIRPORT COMM'N, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

In this employment discrimination case, defendant Savannah Airport Commission (SAC) seeks to compel the production of several exhibits it believes plaintiff possesses. Doc. 31 at 1-2 (*i.e.,* exhibits referenced in "notes and related documents" a SAC manager had provided to plaintiff). Plaintiff's counsel agreed in April that she would produce any missing exhibits within a few days, but she has gone radio silent despite defendant's requests (both formal and informal) that she either produce the remaining exhibits or affirm she doesn't have any additional exhibits. *Id.,* Exhs. E, F & M. Plaintiff responds that she has "produced or offered" every "reasonably relevant" document in her possession, doc. 38 at 1, rendering the dispute moot. That she had produced all the discoverable material she had, of course, could have

been communicated to defense counsel long before plaintiff filed her opposition brief. That sort of forthright candor would have enabled defendant to request a privilege log be prepared of all the documents plaintiff believed ought *not* be produced.

Defendant served plaintiff with supplemental discovery requests to suss out the missing exhibits issue, which have gone unanswered. Doc. 31 at 3; *see id.*, Exhs. D, E, H, I & J. It also served supplemental discovery requests to investigate some of plaintiff's litigation theories, which have similarly gone unanswered. *Id.*, Exh. G. Plaintiff argues that she "is in compliance with discovery," doc. 38 at 4, but does not dispute that she has not actually responded (either formally or informally) to those supplemental discovery requests.[1] Indeed, she is

---

[1] Oddly, plaintiff appears to list her objections to the requests within the body of her opposition brief. Doc. 38 at 4-5. That is not how discovery works in this Court. Counsel do not receive discovery requests, watch the clock run down on the deadline, ignore all inquiries about the status of their answers, and then tell the Court what they think about those requests in their opposition papers.

Further, though defendant does not make the argument, it bears noting that failure to raise objections in a timely response waives them.

> Rule 33(b)(4) of the Federal Rules of Civil Procedure provides that *"[a]ny* ground [for an objection to an interrogatory] not stated in a timely objection [*i.e.*, thirty days] is waived unless the court, for good cause, excuses the failure" (emphasis added). Rule 34 contains a similar requirement that objections to requests for production be timely and stated with reasons, and the Advisory Committee Notes to the 1970 Amendment state that this subdivision "is essentially the same as that in Rule 33 . . . ." Thus, as a general

still bogged down in document review, trudging through the "50,000 documents" timely produced by defendant in response to her own discovery requests. Doc. 38 at 6. Thus ensues her request to reopen discovery so that she has time to fully investigate her own case (*e.g.*, reviewing those documents and deposing a witness), with no mention of defendant's impaired ability to fully mount a defense[2] and nary a peep about why it took her more than a month after the close of discovery to realize she needed more time. Doc. 32; *see also* docs. 41 & 43 (amended/supplemented motions). Put simply, time was ticking and

---

rule, when a party fails to timely object to interrogatories, production requests, or other discovery efforts, the objections are deemed waived. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir.1989). This is so even though a party had an objection to make. *See Jaffe v. Grant*, 793 F.2d 1182, 1190 n. 6 (11th Cir. 1986) (objection based on Fifth Amendment waived by failure to timely assert such privilege in response to discovery); *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540, 542 (10th Cir. 1984) (same as to work product).

*Deforest v. Johnny Chisholm Glob. Events, LLC*, 2009 WL 1660137 at *4 (N.D. Fla. June 15, 2009).

[2] After all, plaintiff filed her motion less than 24 hours before defendant filed its motion for summary judgment. *See, e.g., Sweet v. Lockheed Martin Corp.*, 2009 WL 10664952 at *3 (N.D. Ga. Aug. 21, 2009) (denying plaintiff's request to reopen discovery filed one day before defendant's motion for summary judgment because "[r]eopening discovery so Plaintiff could take additional depositions would result in additional costs and fees for Defendant relating to the taking of the depositions, and might create a need for Defendant to make revisions to its summary judgment motion and supporting documentation, causing additional expense to Defendant and creating delay in consideration of the motion by the court."), cited in doc. 38 at 4-5. This case has been progressing, regardless of whether plaintiff has been asleep at the wheel.

plaintiff failed to request more of it to accommodate the apparently Herculean task of reviewing everything defendant produced in response to her requests for discovery.  A temporal quagmire, of plaintiff's own design, is not "good cause" warranting reopening discovery under the Rules.  Fed. R. Civ. P. 16(b)(4); *see also* S.D. Ga. L. R. 26.2.

Accordingly, defendant's motion to compel (doc. 31) is **GRANTED** as it is meaningfully unopposed.  Plaintiff is **ORDERED** to respond to defendant's supplemental discovery requests seeking information on the exhibits and elucidation of her litigation theories within 7 days of service of this Order.  Any documents she believes ought not be produced, either on relevance or privilege grounds, shall be identified in a privilege log produced along with her responses to the exhibit discovery.  Plaintiff's motion to reopen discovery (docs. 32, 41 & 43) is further **DENIED** for lack of good cause.

**SO ORDERED,** this __19th__ day of June, 2018.

*signature: R. Smith*

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA