FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2018 DEC 11 PM 4: 39

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

LAKISHA MITCHELL,                  )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )        CASE NO. CV417-188
                                   )
SAVANNAH AIRPORT COMMISSION,       )
                                   )
        Defendant.                 )
                                   )

## O R D E R

Before the Court is Defendant's Motion for Summary
Judgment. (Doc. 33.) For the following reasons, Defendant's
motion is **GRANTED**. As a result, Plaintiff's claims are
**DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

This case arises from the alleged failure of Defendant
Savannah Airport Commission ("SAC") to promote Plaintiff Lakisha
Mitchell due to her race and gender in violation of Title VII
and 42 U.S.C. § 1981. (Doc. 1.) Plaintiff is an African American
female who began her employment with SAC as a customer service
agent in October of 2007. (Doc. 15 at 2.) Prior to her
employment with SAC, Plaintiff's work experience included
working in retail, as a childcare provider, and as a leasing
agent. (Doc. 35, Ex. 1. at 15-17.) Plaintiff had also obtained a
high school diploma. (Id. at 12.) Eventually, Plaintiff began

working as a warehouse specialist/runner at the airport. (Id. at 18-19.)

On July 21, 2008, John Rauback, a Caucasian male, began working at SAC as the director of administration and finance. (Doc. 33, Ex. 16 at 7.) In December 2008, Rauback hired Roger Hamilton, a Caucasian male, to begin working as a buyer in SAC's purchasing department. (Doc. 33, Ex. 6.) Plaintiff contends that Hamilton was hired because he previously worked with Rauback and Rauback had promised to "bring [Hamilton] on" in his new position at SAC. (Doc. 33, Ex. 1 at 34.) Prior to joining SAC, Hamilton had prior supervising and purchasing experience in the aviation field. (Doc. 33, Ex. 7.) In 2009, Hamilton was promoted to purchasing agent supervisor. (Doc. 33, Ex. 8.) That same year, Plaintiff was also promoted as a buyer in the purchasing department. (Doc. 33, Ex. 5.)

In 2013, Hamilton became ill and left SAC on medical leave. (Doc. 33, Ex. 1 at 32.) Benjamin Long, a Caucasian male, was asked to act as the purchasing agent supervisor until Hamilton could return. (Doc. 33, Ex. 9 at 2.) Long had been employed at SAC since 2008, where he worked as an internal auditor in SAC's accounting department. (Id.) Long had a bachelor's degree in economics from Armstrong University and experience working with SAC's purchasing department. (Id.) Long was officially promoted to purchasing agent supervisor after Hamilton was unable to

recover from his illness and permanently resigned from SAC. (Id. at 3.) In his new position, Long retained some of his previous job duties as an internal auditor. (Id.)

Under Long's tenure as the purchasing agent supervisor, the parties disagree over Plaintiff Mitchell's role in the purchasing department. Plaintiff contends that she "performed all the duties and functions necessary to run the department and keep it afloat." (Doc. 44 at 2.) In addition, Plaintiff claims that she was required to train Long for his role in the purchasing department. (Id.) Plaintiff's position is supported by several other SAC employees who testified that Plaintiff acted as the supervisor in the purchasing department because Long had no relevant experience. (Doc. 44, Ex. 6 at 1; Doc. 44, Ex. 7 at 1.) In contrast, Defendant contends that none of the employees that Plaintiff cited actually worked in the purchasing department. (Doc. 49 at 6.) Instead, Defendant argues that Plaintiff did not train Long because Plaintiff did not have the training or skills to train anyone for the supervisor position. (Doc. 33, Ex. 9 at 3-4.) Rather, Defendant purports that Plaintiff had no supervisory authority in the purchasing department. (Id.)

In 2015, Long resigned from his role as the purchasing agent supervisor at SAC. (Doc. 33, Ex. 9 at 4.) Defendant SAC began seeking a replacement and Plaintiff Mitchell applied for

the position. (Doc. 33, Ex. 1 at 66.) At some point, SAC updated the job description for the position to require a four-year bachelor's degree. (Doc. 44, Ex. 11.) Eventually, the position was given to Fred McCosby, a Caucasian male. (Doc. 33, Ex. 10 at 3.) McCosby had been employed with SAC since 2003. (Id. at 2.) At the time of his promotion, McCosby was an Accredited Airport Executive with a Master of Business Administration in Aviation degree from Embry-Riddle Aeronautical University. (Id.) He also had prior purchasing and management experience. (Id.) Before becoming the purchasing agent supervisor, McCosby supervised SAC security and compliance. (Id. at 3.) In his new role, McCosby retained some of his duties overseeing security and compliance at SAC. (Id.)

In Plaintiff's view, Rauback made the decision not to promote Plaintiff to the position of purchasing agent supervisor because of her race. As evidence, Plaintiff alleges that Rauback never hired any minorities for management positions. (Doc. 44, Ex. 8 at 17.) In addition, Plaintiff reports that Rauback once stated that he did not know why Greg Kelly, SAC's executive director, was "pushing to hire blacks." (Id. at 20.) On April 30, 2015, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Doc. 33, Ex. 12.) In her charge, Plaintiff alleged that Defendant SAC improperly discriminated against her due to her race and gender

by failing to promote her over McCosby to purchasing agent supervisor. (Id.) After filing her EEOC charge of discrimination, Plaintiff continued to work at SAC. (Doc. 33, Ex. 1 at 50.) Eventually, Plaintiff was promoted to a buyer II position. (Id. at 47.)

Despite her promotion, Plaintiff contends that her EEOC complaint affected her working environment at SAC. (Id. at 41.) Plaintiff alleges that a fellow employee told her that Rauback stated in a meeting that Plaintiff was a "troublemaker" and that people should be careful what they said around her. (Id.) Other than Rauback's comment, Plaintiff does not provide any specific interactions or conversations where other employees treated her differently or referenced her EEOC complaint. (Id. at 50.) Plaintiff, however, contends that her coworkers began to "look at her different[ly]." (Id. at 83.) She even reports that her relationship with the Airport Director, Lenard Robinson, became generally "strained and different." (Id. at 45-6.)

On October 11, 2017, Plaintiff filed suit in this Court. (Doc. 1.) Plaintiff has since filed an amended complaint and seconded amended complaint in this action. (Doc. 14; Doc. 15.) In her second amended complaint, Plaintiff alleges that Defendant SAC improperly discriminated against her due to her race and gender by failing to promote her for a position for which she was qualified. (Doc. 15 at 6.) In addition, Plaintiff

5

contends that she was subject to a hostile work environment and retaliation after she made complaints about Defendant SAC's alleged practices of discrimination. (Id. at 6-7.) As relief, Plaintiff requests a "retroactive promotion to the GS-15 level, with all attendant back pay, benefits, and other emoluments of employment," $1,500,000.00 in compensatory damages, front pay, and attorneys' fees and costs. (Id. at 7-8.)

For its part, Defendant has now filed a Motion for Summary Judgment, seeking dismissal of the entirety of Plaintiff's complaint. (Doc. 33.) Defendant contends that Plaintiff has failed to allege sufficient evidence to support her claims that Defendant SAC discriminated against her by failing to promote her or retaliated against her after she made an EEOC complaint. In addition, Defendant argues that Plaintiff has not offered any evidence to support her hostile work environment claim.

## ANALYSIS

### I. STANDARD OF REVIEW

According to Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim of defense—on which summary judgment is sought." Such a motion must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. The "purpose of summary judgment is to 'pierce the pleadings

6

and to assess the proof in order to see whether there is a genuine need for trial.' " Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56 advisory committee notes).

Summary judgment is appropriate when the nonmovant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law governing the action determines whether an element is essential. DeLong Equip. Co. v. Wash. Mills Abrasive Co., 887 F.2d 1499, 1505 (11th Cir. 1989).

As the Supreme Court explained:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex, 477 U.S. at 323. The burden then shifts to the nonmovant to establish, by going beyond the pleadings, that there is a genuine issue as to facts material to the nonmovant's case. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The Court must review the evidence and all reasonable factual inferences arising from it in the light most favorable

to the nonmovant. Matsushita, 475 U.S. at 587-88. However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. at 586. A mere "scintilla" of evidence, or simply conclusory allegations, will not suffice. See, e.g., Tidwell v. Carter Prods., 135 F.3d 1422, 1425 (11th Cir. 1998). Nevertheless, where a reasonable fact finder may "draw more than one inference from the facts, and that inference creates a genuine issue of material fact, then the Court should refuse to grant summary judgment." Barfield v. Brierton, 883 F.2d 923, 933-34 (11th Cir. 1989).

## II. ABANDONED CLAIMS

Before reaching the merits of Defendant's arguments in its Motion for Summary Judgment, the Court must first address Plaintiff's failure to defend many of her claims. In its motion, Defendant contends that Plaintiff failed to establish a factual basis to support her claims based on gender discrimination, hostile work environment, and retaliation. (Doc. 34.) In addition, Defendant argues that Plaintiff's racial discrimination claim with respect to the promotion of Hamilton should also be dismissed. (Id.) In her response to Defendant's motion, Plaintiff completely ignored these claims and Defendant's arguments that these claims should be dismissed. By failing to defend her claims, Plaintiff has effectively abandoned these claims. See Adkins v. Christie, 491 F. App'x

996, 998 (11th Cir. 2012) (per curiam) (citing <u>Resolution Trust</u> <u>Corp. v. Dunmar Corp.</u>, 43 F.3d 587, 599 (11th Cir. 1995) (en banc) ("[T]he onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned.")). This Court will not consider the merits of claims that Plaintiff has failed to even address in her response to Defendant's motion. Accordingly, Plaintiff's claims for gender discrimination, hostile work environment, retaliation, and race discrimination based on the promotion of Hamilton are **DISMISSED**.

## III. FAILURE TO PROMOTE CLAIMS

Although Plaintiff has abandoned many of her claims, Plaintiff has not abandoned her failure-to-promote claims with respect to the promotions of Long and McCosby. For these remaining claims, Plaintiff contends that Defendant SAC racially discriminated against her in violation of Title VII and 42 U.S.C. § 1981 by its failure to promote her, rather than Long and McCosby, to purchasing agent supervisor. In its Motion for Summary Judgment, Defendant contends that these remaining failure-to-promote claims must also be dismissed. For the following reasons, the Court agrees with Defendant and finds that Plaintiff's remaining claims are dismissed.

A. Promotion of Benjamin Long

With respect to the promotion of Benjamin Long, the Court finds that Plaintiff's claim fails because Plaintiff did not properly exhaust all available administrative remedies for this claim. Prior to filing a claim in the district court under Title VII, a plaintiff must file a charge of discrimination with the EEOC. Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir. 1983). The charge of discrimination should be sufficiently detailed so as to allow the EEOC to "have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Id. Further, it is well established that a "plaintiff's judicial complaint is limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Alexander v. Fulton Cty., Ga., 207 F.3d 1303, 1332 (11th Cir. 2000).

In this case, Plaintiff's charge of discrimination makes no reference to Long or his promotion with Defendant SAC. In full, Plaintiff's charge of discrimination states:

> I began my employment on October 1, 2007, as a Customer Service Agent. In October 2009, I was promoted to the position of Buyer. On March 30, 2015, I applied for the position of Purchasing Agent Supervisor; a position for which I am qualified to perform. I have successfully performed the duties associated with this position since October 2009. On April 17, 2015, Fred McCosby (White, Male), who has no

> relevant experience for the position, was selected
> instead of me.

(Doc. 33, Ex. 12.) While Plaintiff expressly mentions McCosby's promotion in her charge of discrimination, Plaintiff never provides any indication that the EEOC should investigate Defendant SAC's failure to promote her rather than Long. Because the EEOC was never put on notice that it should investigate the facts surrounding Long's promotion, Plaintiff has failed to fully exhaust her claim with respect to the promotion of Long.

Even if Plaintiff had properly alleged a claim of discrimination based on Defendant SAC's decision to promote Long instead of Plaintiff, her charge of discrimination would have also been untimely for this claim. "For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory act." Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) (citing 41 U.S.C. § 2000e-5(b)). "An employer's failure to promote is a discrete act" and a plaintiff is "required to file [an] EEOC complaint within 180 days of each discrete employment decision." Stuart v. Jefferson Cty. Dept. of Human Res., 152 F. App'x 798, 800-01 (11th Cir. 2005) (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 114 (2002)).

In this case, Long was promoted to purchasing agent supervisor in 2013. (Doc. 33, Ex. 9 at 2.) Plaintiff's charge of

11

discrimination, however, was filed with the EEOC in 2015—well outside of the allotted 180-day period. (Doc. 33, Ex. 12.) Accordingly, Plaintiff failed to file a timely charge of discrimination with the EEOC. As a result, Plaintiff's claim that Defendant SAC improperly promoted Long is untimely. Because Plaintiff failed to file a complete or timely charge of discrimination that raised issues related to Long's promotion, Plaintiff's claim that Defendant SAC acted improperly by promoting Long is dismissed.[1]

B. Promotion of Fred McCosby

Although Plaintiff failed to file a proper charge of discrimination with respect to the promotion of Long, Plaintiff's charge of discrimination directly references the promotion of Fred McCosby. (See Doc. 33, Ex. 12.) In fact, Defendant provides no argument in its motion that Plaintiff's claim with respect to the promotion of McCosby was not properly exhausted. Rather, Defendant argues that Plaintiff's failure-to-promote claim with respect to McCosby fails because Plaintiff has not offered any evidence to establish that Defendant SAC's

---

[1] Because the Court finds that Plaintiff failed to properly exhaust her administrative remedies with respect to the promotion of Long, this Court does not need to address whether Plaintiff established enough facts for this claim to survive summary judgment. Even if Plaintiff had properly exhausted her administrative remedies with respect this claim, however, the Court finds that Plaintiff's claim would have likely still been dismissed on the merits.

decision not to promote Plaintiff over McCosby was racially motivated. For the following reasons, the Court agrees that Plaintiff's claim must be dismissed.

Title VII prohibits an employer from discriminating "against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1).[2] A plaintiff may establish a claim of unlawful discrimination by presenting direct, circumstantial, or statistical evidence of discrimination. Earley v. Champion Int'l Corp., 907 F.2d 1077, 1081 (11th Cir. 1990). In this case, Plaintiff purports that she has offered direct evidence of Defendant SAC's alleged discrimination. Specifically, Plaintiff's direct evidence of discrimination includes: (1) a lone statement allegedly made by Rauback where he stated that he did not know why SAC's executive director "was pushing to hire blacks" at the airport (Doc. 44, Ex. 8 at 20); and (2) a general

---

[2] In her complaint, Plaintiff contends that she was subject to racial discrimination in violation of Title VII and 42 U.S.C. § 1981. Although listed separately in her complaint, the analyses under these statutes are identical. See Snider v. Jefferson State Cmty. Coll., 344 F.3d 1325, 1331 (11th Cir. 2003) ("[W]hen utilized as parallel remedies for such discrimination, the elements of a claim under each are identical."); Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998) (noting that Title VII and § 1981 "have the same requirements of proof and use the same analytical framework").

allegation that Rauback never hired African Americans for management positions. (Id. at 17.)

After careful review, this Court finds that Plaintiff's alleged direct evidence is insufficient. "Direct evidence is evidence which, if believed, proves the existence of a fact without inference or presumption." Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1228 (11th Cir. 2002) (citing Schoenfeld v. Babbit, 168 F.3d 1257, 1266 (11th Cir. 1999)). In the context of a racial discrimination suit, "[t]o be direct evidence, the remark must indicate that the employment decision in question was motivated by race." Id. (citing Damon v. Fleming Supermkts. of Fla., Inc., 196 F.3d 1354, 1359 (11th Cir. 1999)). Typically, direct evidence is found through evidence of "the most blatant remarks, whose intent could be nothing other than to discriminate on the [basis of protected classification]." Damon, 196 F.3d at 1359.

In this case, Plaintiff has not offered any direct evidence that the decision not to promote her was motivated by race. First, Rauback's comment about being pushed to hire African Americans in no way shows that Defendant SAC's hiring and promotion decisions where governed by a discriminatory animus. More importantly, Rauback's comment was not made in reference to the specific employment decision in this case—the decision not to promote Plaintiff to purchasing agent supervisor. In

14

addition, the allegation that Rauback never hired any minorities for management positions is not direct evidence that Plaintiff was not promoted due to her race. There is no evidence of, and Plaintiff even admits that she is unaware of, any qualified African Americans who even applied for management positions at SAC. (Doc. 49, Ex. 1 at 35-7.) Even when taking the evidence in the light most favorable to Plaintiff, this evidence falls well short of providing direct evidence that Plaintiff was subject to racial discrimination by Defendant SAC.

In the alternative, Plaintiff contends that her failure-to-promote claim survives based on circumstantial evidence that she was subjected to racial discrimination. Here, Plaintiff contends that the fact that she was qualified for a position and that the position was given to an allegedly less-qualified, Caucasian candidate is circumstantial evidence that the decision was racially motivated. In her view, this circumstantial evidence is sufficient to proceed to trial. Again, the Court does not agree.

Without direct evidence of racial discrimination, plaintiffs attempting to assert failure-to-promote claims "carry the initial burden under the statute of establishing a prima facie case of racial discrimination." McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). "In order to establish a prima facie case, and thus raise an inference of discriminatory intent, the plaintiff must demonstrate only that: (i) he or she

belonged to a protected class; (ii) he or she was qualified for and applied for a position that the employer was seeking to fill; (iii) despite qualifications, he or she was rejected; and (iv) the position was filled with an individual outside the protected class." Vessels v. Atlanta Indep. Sch. Sys., 408 F.3d 763, 768 (11th Cir. 2005) (citing McDonnell, 411 U.S. at 802). If a plaintiff can demonstrate the elements of a prima facie case, then the burden falls on the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. Alexander, 207 F.3d at 1336. If the employer articulates a legitimate, non-discriminatory reason, the burden shifts back to the plaintiff to demonstrate that the employer's stated reason was pretextual. Id. Should the plaintiff fail to establish the presence of a genuine issue of material fact that the employer's reason was merely pretextual, then the employer is entitled to summary judgment in its favor. Cuddeback v. Fla. Bd. of Educ., 381 F.3d 1230, 1235 (11th Cir. 2004).

In this case, Defendant contends that Plaintiff has failed to establish a prima facie case of discrimination. The parties agree that three of the four elements of a prima facie failure-to-promote are clearly established in this case. Plaintiff, as an African American, is a member of a protected class and she was not promoted to a position for which a Caucasian male was given. Defendant contends, however, that Plaintiff is unable to

16

show that she was qualified for the supervisory position in the purchasing department. In Defendant's view, Plaintiff did not have the training or the qualifications to serve as the purchasing agent supervisor. To support its argument, Defendant points to Plaintiff's lack of formal education and supervisory experience.

For her part, Plaintiff directly refutes Defendant's arguments by offering evidence that Plaintiff was qualified to run the purchasing department because she had been functionally managing the department ever since Hamilton left SAC on medical leave. In fact, Plaintiff offers testimony of several SAC employees who purport that Plaintiff did supervise the purchasing department. (Doc. 44, Ex. 6 at 1; Doc. 44, Ex. 7 at 1.) With respect to the educational requirement for the position, Plaintiff contends that the qualifications for the position were only changed to require a bachelor's degree to specifically prevent her from being promoted. (Doc. 44 at 2.) Plaintiff contends that even without the degree she was qualified for the position.

Based on the competing evidence offered by the parties, the Court is unable to determine whether Plaintiff was qualified for the position as the purchasing agent supervisor. On one hand, Plaintiff did lack the educational requirements for the position. In addition, this Court is not bound by Plaintiff's

own assessment that she was qualified for the position. See Ketchup v. Savannah-Chatham Cty. Pub. Sch. Sys., No. CV 414-281, 2016 WL 5402752, at *6 (S.D. Ga. Sept. 26, 2016) (discussing that a plaintiff's "subjective belief that [s]he was the most qualified candidate is irrelevant" (citing Brooks v. Cty. Comm'n of Jefferson Cty., Ala., 446 F.3d 1160, 1163-64 (11th Cir. 2006))). At the same time, however, Plaintiff has presented evidence that she functionally acted as the purchasing agent supervisor. As a result, the Court is unable to conclude whether Plaintiff was qualified for the purchasing agent supervisor position. In the Court's view, Plaintiff has created a genuine dispute of material fact as to whether she was sufficiently qualified to act as the purchasing agent supervisor.

Even if Plaintiff identified enough evidence to establish a prima facie case of discrimination, however, her claim would still fail because Plaintiff has plainly failed to rebut Defendant SAC's proffered reasons for its decision to promote McCosby instead of Plaintiff. When reviewing an employer's given reason for terminating a plaintiff's employment, courts must consider whether the plaintiff established enough evidence to show that the employer's given reason for terminating the plaintiff's employment was pretext for an underlying discriminatory motive. Alexander, 207 F.3d at 1336. To establish pretext, the plaintiff must show that the decision was either

18

actually motivated by a discriminatory animus or that the given reason is unworthy of credence. Palmer v. Bd. of Regents of Univ. Sys. of Ga., 208 F.3d 969, 974 (11th Cir. 2000). The plaintiff, however, "cannot succeed by simply quarreling with the wisdom of that reason." Chapman v. Al Transport, 229 F.3d 1012, 1030 (11th Cir. 2000) (citing Alexander v. Fulton Cty., Ga., 207 F.3d 1303, 1341 (11th Cir. 2000)). On review, the Court is not a "super-personnel department." Alvarez v. Royal Atl. Developers, Inc., 610 F.3d 1253, 1266 (11th Cir. 2010). In fact, the law is clear that "Title VII does not allow federal courts to second-guess nondiscriminatory business judgments . . . ." Flowers, 803 F.3d at 1338.

In this case, Defendant SAC has offered two reasons for its decision to promote McCosby over Plaintiff. First, Defendant contends that McCosby was promoted because he was highly qualified for the position. (Doc. 34 at 18-20.) Here, Defendant cites McCosby's degree in business administration, management experience, and accreditation as an Accredited Airport Executive as the basis for its decision to promote McCosby. (Id.) Second, Defendant argues that McCosby was promoted because he was willing to retain some of the responsibilities from his former position overseeing compliance and security at SAC. (Id.) Defendant SAC says that the decision to promote McCosby was cost

effective because SAC did not have to hire an additional employee to oversee security and compliance. (Id.)

In the Court's view, the record supports Defendant's proffered reasons for promoting McCosby. McCosby's qualifications and ability to take on additional responsibilities are legitimate, non-discriminatory reasons for Defendant SAC's decision to promote McCosby. More importantly, however, Plaintiff has failed to offer any evidence to refute Defendant's proffered reasons or to convince this Court that Defendant's reasoning is pretext for an underlying discriminatory motive. Plaintiff has offered no evidence to show that McCosby was not actually qualified for the position or that he did not actually retain some of his former responsibilities overseeing security and compliance.

Instead, Plaintiff mainly relies on her own qualifications and contention that she was functioning as the supervisor in the purchasing department. Even if the Court were to assume that Plaintiff did supervise the purchasing department and was highly qualified for the position, Plaintiff's qualifications alone would be insufficient to refute the fact that Defendant SAC promoted McCosby because he was also qualified for the position. Instead, Plaintiff has merely shown that Defendant SAC decided to promote one qualified candidate over another. See McCarthney v. Griffin-Spalding Cty. Bd. of Educ., 791 F.2d 1549, 1552 (11th

Cir. 1986) ("Title VII does not require an employer to hire or promote the most qualified applicant; it only requires that the employer make such decisions without regard to race, sex, religion, color, or national origin.").

Moreover, Plaintiff's contention with respect to her own qualifications does not rebut Defendant SAC's position that it promoted McCosby in part because he retained some of his former duties overseeing security and compliance. Plaintiff must be able to rebut all of Defendant's proffered reasons. See Crawford v. City of Fairburn, Ga., 482 F.3d 1305, 1308 (11th Cir. 2007) (citing Chapman, 229 F.3d at 1037). In this case, Plaintiff has just simply failed to show that Defendant SAC did not have a legitimate interest in promoting McCosby to consolidate some of the responsibilities of his former role with those of the purchasing agent supervisor. While Plaintiff may disagree with Defendant SAC's decision, she is unable to show that this reasoning is pretext for an actual discriminatory motive. See Damon, 196 F.3d at 1361 ("[Courts] are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates a challenged employment decision.").

In a final attempt to save her claim, Plaintiff argues that this Court should reject Defendant SAC's proffered reasons for its failure to promote Plaintiff because Defendant SAC, in

Plaintiff's view, has offered inconsistent statements about the existence of the purchasing agent supervisor position. In its motion, Defendant SAC contends that the purchasing agent supervisor position ceased to exist after Hamilton took medical leave. Defendant contends that Long assumed the role while retaining some of his duties from the accounting department and McCosby later assumed the role while retaining some of his former duties overseeing security and compliance. Accordingly, Defendant purports that the position was no longer a stand-alone position. Plaintiff, however, points to evidence that the purchasing agent supervisor clearly existed after Hamilton. Plaintiff cites that the purchasing agent supervisor position was posted as an open position and that office correspondence later referred to the position as the purchasing agent supervisor. (Doc. 44, at 7-8.) Plaintiff contends the discrepancy between Defendant's argument that the position no longer existed and the documentation which references the position shows that Defendant's proffered reasoning for not promoting Plaintiff is untrustworthy. Plaintiff believes that this discrepancy should be construed by the Court as an attempt by Defendant to mask its discriminatory practices.

The Court does not agree with Plaintiff's over-simplistic analysis of Defendant's argument. While Plaintiff is correct that certain documentation does refer to the purchasing agent

supervisor position, the record also clearly shows that both Long and McCosby took the position while retaining some responsibilities from their former positions. Accordingly, it is not inconsistent for Defendant to argue that the position fundamentally changed after Hamilton left SAC. The record shows that Defendant is correct that both of the successors to Hamilton maintained a different set of responsibilities than Hamilton. In fact, those responsibilities were part of the basis for Defendant SAC's decision to hire both Long and McCosby. Accordingly, the Court does not find Defendant's statement to be inherently inconsistent or untrustworthy. Because Plaintiff has failed to rebut each of Defendant's proffered reasons for its decision to promote McCosby, Plaintiff's claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment (Doc. 33) is **GRANTED**. As a result, Plaintiff's claims are **DISMISSED**. The Clerk is **DIRECTED** to close this case.

SO ORDERED this 11ᵗʰ day of December 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

23